**Ex parte Antonio Arthur HERNANDEZ.**

**No. 71589.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1993.

Antonio Arthur Hernandez, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

### PER CURIAM.

This is an application for a writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P. *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr.App.1967).

The applicant pleaded guilty to murder in Cause Number 16,964 in the 23rd Judicial District Court of Brazoria County, committed while applicant was incarcerated in the Texas Department of Corrections.[1] Punishment was assessed at confinement for ten years. No direct appeal was taken.

In his present application, Applicant contends he is being denied jail credits. Specifically, Applicant contends a detainer out of Brazoria County was placed on him on December 5, 1985, and that he should have begun receiving flat time credit since that date. See *Ex Parte Bynum,* 772 S.W.2d 113 (Tex.Cr.App.1989). However, Applicant's judgment and sentence reflect he only received time credit from the date of indictment, February 5, 1986.

In order to determine whether in fact there was a detainer placed against Applicant and to determine whether Applicant is being denied flat time credit to which he is otherwise entitled, this Court remanded the application to the trial court. We ordered the trial court to order necessary affidavits and documents and to file findings of fact and conclusions of law which would assist in our determination of the merits of Applicant's claim.

Records from the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID) show that on December 11, 1985, the Brazoria County Sheriff filed a detainer in Cause No. 16,846. Although the records division at TDCJ–ID does not show a resulting conviction connected to this cause number, certified documents ac-

companying the writ application indicate the Applicant was reindicted for the same offense under a new Cause No. 16,964, upon which he was eventually convicted and sentenced. It is well-settled that an individual is entitled to all time "spent in jail in said cause." Article 42.03, § 2, V.A.C.C.P. See also, *Ex Parte Bynum, supra.* The records in this case support Applicant's contention, and he is entitled to relief. Applicant is entitled to all time spent in jail on this cause, whether it was spent under Cause Number 16,846, or time spent under the new Cause Number 16,964. Therefore, Applicant is entitled to receive jail credit not previously credited for time served on this cause from December 11, 1985, until February 5, 1986.

Copies of this opinion will be sent to the Texas Department of Criminal Justice—Institutional Division and the Texas Board of Pardons and Paroles.

---

1. Now the Texas Department of Criminal Justice, Institutional Division.