Ex parte Clemmie Ray **WICKWARE.**

No. 71673.

Court of Criminal Appeals of Texas,
En Banc.

May 5, 1993.

---

**572**

Clemmie Ray Wickware, pro se.

Jim Mapel, Dist. Atty., and Mary Peter Cudd, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for State.

## OPINION

BAIRD, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Tex.Code Crim.Proc.Ann. art. 11.07. Applicant was convicted of aggravated assault. Punishment was assessed at two years imprisonment to commence when a ten year sentence from Fisher County has ceased to operate. No appeal was taken from this conviction.

Applicant contends that the Texas Department of Criminal Justice, Institutional Division (TDCJ), is improperly treating his two sentences as a single twelve year sentence. Applicant also alleges that TDCJ has failed to credit him with the period he was incarcerated on this cause prior to sentencing, even though such credit is included in the judgment for this offense.

Applicant refers to TDCJ documents and correspondence from TDCJ officials which reflect that his "calculated begin date" (CBD) is 04–30–90, that his "sentence of record" is twelve years, with a maximum expiration date of 04–30–2002. The judgment in this cause reflects that applicant is to receive credit from September 24, 1990, the date of commission of this offense, until the date of sentence, January 25, 1991. Applicant's Fisher County judgment recites that applicant was sentenced on June 25, 1990, with 55 days jail credit.

■ The 70th Legislature enacted several amendments to Tex.Code Crim.Proc.Ann. art. 42.18, in 1987, the most significant of which changed parole eligibility from one-third of a sentence to one-fourth, required eligibility for parole to be calculated separately for consecutive ("stacked") sentences instead of treating them as one sentence, and reduced the maximum period before becoming eligible for parole on a single sentence from twenty years to fifteen years. However, the requirement that parole eligibility be calculated separately for consecutive sentences, Art. 42.-18, § 8(d), does not affect eligibility calculations unless the sum of the stacked sentences exceeds sixty years,[1] as the date of eligibility on the final sentence is the same under either method of calculation.[2] Therefore, TDCJ's practice of treating applicant's consecutive ten and two year sentences as a single twelve year sentence does not affect computation of his parole eligibility or deprive him of any right, notwithstanding the requirement that parole eligibility for stacked sentences be computed separately.

■ TDCJ is required to award inmates in its custody pre-sentence jail time credits as reflected in the judgment, *Ex parte Harvey*, 846 S.W.2d 328 (Tex.Cr.App.1993), provided such credits do not pre-date the date of commission of the offense. *See, Ex parte Hayward*, 711 S.W.2d 652 (Tex.Cr. App.1986). Such pre-sentence credits are required by Tex.Code Crim.Proc.Ann. art. 42.03, § 2(a). *Harrelson v. State*, 511 S.W.2d 957 (Tex.Cr.App.1974). TDCJ has apparently applied the 55 days credit from Fisher County to the date of the Fisher County sentencing to arrive at the CBD of 04–30–90. This procedure is an appropriate method of effecting the award of credits as required by Art. 42.03.

■ However, we have previously encountered problems in the awarding of pre-sentence credits when the inmate is simultaneously incarcerated on more than one cause prior to conviction, and sentences on those causes are subsequently ordered to run consecutively pursuant to Tex.Code Crim.Proc.Ann. art. 42.08. *See, Ex parte Hernandez*, 845 S.W.2d 913 (Tex.Cr.App. 1993); *Ex parte Bynum*, 772 S.W.2d 113 (Tex.Cr.App.1989). In *Bynum* we held that when an inmate is given stacked sentences he is entitled to multiple credit for periods he was simultaneously confined on more than one of those causes, prior to the stacking order.[3] The pre-sentence credit[4] applies to each of these sentences, and since the sentences are sequentially executed, the credit must also be separately awarded.

■ Applicant refers to documents indicating TDCJ is attempting to implement the pre-sentence credit from Brazoria County by awarding something titled "bonus time." This bonus time has not resulted in reducing applicant's "maximum expiration date" (MED), the date on which an inmate would be entitled to absolute discharge from confinement and parole. For most inmates the MED is computed by "backdating" the date of sentencing by the number of days of pre-sentence jail time

---

1. The Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions, apparently interpret Tex.Code Crim.Proc.Ann. art. 42.18, § 8(d)(2)(B), to allow credit toward parole eligibility to commence on a successive stacked sentence when parole eligibility is achieved on the preceding sentence. The validity of this interpretation has not been challenged here.

2. Provided all the stacked sentences either are or are not offenses classified within Tex.Code Crim.Proc.Ann. art. 42.12, § 3g. We do not here address the effect on parole eligibility

when at least one stacked sentence is for a § 3g offense and others are not. Neither of Applicant's convictions are § 3g offenses.

3. Because such orders must be entered on the day of sentencing. *See, Ex parte Voelkel,* 517 S.W.2d 291 (Tex.Cr.App.1975).

4. Or possibly post-sentence credit for the first conviction in the sequence, as here, when the inmate is incarcerated at the time he commits the later offenses.

credit to arrive at a CBD, then adding the number of years of the sentence to the CBD. However, when an inmate is restrained because of stacked sentences totalling no more than sixty years and TDCJ chooses for bookkeeping purposes to treat them as a single sentence ("sentence of record") equalling the sum of their terms, it is improper to compute the MED by simply adding the sum of the stacked sentences to the CBD for the first sentence of the stacked sequence.

■ Instead, the pre-sentence jail credit reflected in each judgment of a stacked sequence should be added together, then "backdated" from the sentencing date for the first conviction of the stacked sequence to create a new CBD applicable to the entire sequence. The sum of the stacked sentences may then be added to this new CBD to determine the proper MED.[5]

■ Alternatively, TDCJ could implement only the first sentence in the stacked sequence, then recalculate the CBD and MED each time a subsequent stacked sentence commences, or could retain the CBD for the first sentence in the sequence, classify the pre-sentence credit on the subsequent sentences as bonus time, and reduce the MED by the amount of bonus time. This latter method would also require recomputation of the CBD each time a subsequent stacked sentence commences, as the pre-sentence credit also affects the date an inmate becomes eligible for parole.

Relief is conditionally granted. The Texas Department of Criminal Justice, Institutional Division, shall review applicant's records and, if they reflect the dates alleged by applicant,[6] modify applicant's records to effectively credit him with the pre-sentence jail time reflected in the Brazoria County judgment, thereby changing applicant's MED.[7]

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions.

---

5. Although this new CBD will frequently predate the commission dates of the offenses for each of the stacked sentences, such is not improper because this date is merely an arbitrary figure for computation purposes and does not reflect credit for the actual dates included therein.

6. A CBD of 04–30–90 and an MED of 04–30–2002.

7. Applicant should be credited with 123 days pre-sentence jail credit on this sentence and 55 days on his Fisher County sentence, for a total of 178 days credit on his twelve year sentence of record. Under the first method of computation suggested herein, Applicant would have a CBD of 12–29–89 and an MED of 12–29–2001.