11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David
Anthony Holder 

Appellant

Vs.      
            No. 11-01-00364-CR
B Appeal from Collin County

State of Texas

Appellee

 

The jury
convicted appellant of the offense of aggravated sexual assault of a child (the
aggravated sexual assault offense) in Cause No. 366-80091-01 in the 366th
District Court of Collin County.  TEX.
PENAL CODE ANN. '' 22.011 & 22.021 (Vernon Supp. 2002).   The trial court assessed appellant=s punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of 15 years and ordered the sentence to run consecutively with a 10 year
sentence that appellant received for the offense of aggravated assault (the
aggravated assault offense) in another cause number.[1]  In its judgment, the trial court did not
credit appellant on his sentence with the time that appellant spent in jail from
the date of his arrest and detention until the date of his sentencing.  We modify and affirm.  

                                                                Background
Facts    








Appellant
committed the aggravated sexual assault offense on August 5, 2000, while
he  was serving two years community
supervision for an offense of deadly conduct (the deadly conduct offense) and
ten years deferred adjudication community supervision for the aggravated
assault offense.  On August 21, 2000,
the State, based upon allegations independent of the aggravated sexual assault
offense, filed a motion to revoke appellant=s community supervision for the deadly conduct offense and a petition
to enter a final adjudication of guilt for the aggravated assault offense.  Appellant was arrested and confined in
connection with all three offenses on November 9, 2000.  The State later amended the motion to revoke
and the petition for an adjudication of guilt to include allegations of the
aggravated sexual assault offense. 

On August
27, 2001, the aggravated sexual assault offense went to trial.  During jury deliberations, the trial court
heard evidence and considered the motion to revoke community supervision in the
deadly conduct offense and the petition to adjudicate guilt in the aggravated
assault offense.  Appellant admitted
that most of the allegations in the motion and the petition were true.  The jury returned a guilty verdict in this
cause.  The trial court then revoked
appellant=s community supervision for the deadly
conduct offense and found appellant guilty of the aggravated assault
offense.  The trial court pronounced the
following sentences in open court: (1) 2 years confinement for the deadly
conduct offense, with the sentence to run concurrently with the sentence for
the aggravated assault offense; (2) 10 years confinement for the aggravated
assault offense, with the sentence to run concurrently with the  sentence for the deadly conduct offense; and
(3) 15 years confinement for the aggravated sexual assault offense, with the
sentence to run consecutively with the sentences for the other offenses.  

The trial
court entered judgments dated August 29, 2001, in the three cause numbers.  In its judgment in this cause, the trial
court sentenced appellant to 15 years confinement for the aggravated sexual
assault offense and entered a cumulation order as follows: AConcurrent Unless Otherwise Specified: Said
sentence to run CONSECUTIVE with sentence of ten years confinement in the Texas
Department of Criminal Justice, Institutional Division in [the aggravated
assault offense cause].@  The trial court did not credit
appellant on his sentence with any time served.  

Issues
Presented

Appellant
presents two points of error.  In his
first point, he asserts that the trial court=s  cumulation order is error
because it is insufficient.  Therefore,
according to appellant, the cumulation order is void, and his sentence for the
aggravated sexual assault offense should run concurrently, instead of
consecutively, with his sentence for the aggravated assault offense.  In his second point, appellant complains
that the trial court erred by failing to credit back time served to his
sentence.  

 








Cumulation
Order

Appellant
argues that the cumulation order in the judgment fails to comply with the
requirements for a valid cumulation order. 
We disagree.  The Court of
Criminal Appeals has recommended that a cumulation order should contain the
following: (1) the trial court number of the prior conviction; (2) the correct
name of the court in which the prior conviction was entered; (3) the date of
the prior conviction; (4) the term of years of the prior conviction; and (5)
the nature of the prior conviction. 
Young v. State, 579 S.W.2d 10 (Tex.Cr.App.1979); Ex parte Davis, 506
S.W.2d 882, 883 (Tex.Cr.App.1974). 
These suggestions are not mandatory. 
See Williams v. State, 675 S.W.2d 754, 764 (Tex.Cr.App.1984).  The issue is whether the trial court=s description of the prior convictions in the
cumulation order is Asubstantially
and sufficiently specific@ to give notice to the defendant and to the Department of Corrections Aexactly which sentences the instant sentence
is cumulated with.@  Williams v. State, supra at 764.

On Page 1
of its judgment in this cause, the trial court ordered as follows:  

Concurrent Unless Otherwise Specified:  Said sentence to run CONSECUTIVE with
sentence of ten years confinement in the Texas Department of Criminal Justice,
Institutional Division in Cause No. 366-80519-99.

 

On Page 3 of the
judgment, the trial court ordered as follows:

 

FURTHER,
the defendant herein having been convicted in three cases, and punishment
assessed in each case by confinement in an institution operated by the Texas
Department of Criminal Justice, Institutional Division, judgment and sentence
in the said conviction herein shall begin when the judgment and sentence has
ceased to operate in the preceding conviction, which is styled AThe State of Texas vs. DAVID HOLDER,@ Cause No. 366-80519-99, in the 366th
Judicial District Court of Collin County, Texas, wherein the defendant was
charged with the offense of Aggravated Assault, alleged to have been committed
on April 10, 1999, and wherein the defendant was found guilty by the Court of
Aggravated Assault as charged therein, and punishment was assessed by the Court
of ten (10) years confinement in the Texas Department of Criminal Justice,
Institutional Division, with sentence to commence on August 29, 2001.  

   








The trial
court=s judgment contained all of the Court of
Criminal Appeals= recommendations for a cumulation order:  (1) the trial court number of the prior
conviction for the aggravated assault offense (366-80519-99); (2) the correct
name of the court in which the prior conviction was entered (366th Judicial
District Court of Collin County); (3) the date of the prior conviction (August
29, 2001); (4) the term of years of the prior conviction (10 years); and (5)
the nature of the prior conviction (aggravated assault).  The cumulation order is sufficient and,
therefore, valid.

Moreover,
the cumulation language on Page 1 of the judgment, standing alone, is a
sufficient cumulation order.  A[A] cumulation order which refers only to a
prior cause number is sufficient if the order is entered in the same court as
the sentence to which it is made cumulative.@  Williams v. State, supra at
764; see also Ex parte San Migel, 973 S.W.2d 310, 333 (Tex.Cr.App.1998); Hamm
v. State, 513 S.W.2d 85, 87 (Tex.Cr.App.1974); Ex parte Davis, supra at 883;
Hoitt v. State, 30 S.W.3d 670, 675 (Tex.App. - 
Texarkana 2000), pet=n ref=d, 
improvidently granted,
65 S.W.3d 59 (Tex.Cr. App.2001).  The
trial court that entered the cumulation order in this cause is the same court
that entered the sentence for the aggravated assault offense.  The trial court=s cumulation order refers to the prior cause
number.  The cumulation order is
sufficient.  We overrule appellant=s first point of error.   

                                                              Credit
for Back Time 








In his
second point, appellant complains that the trial court erred by failing to give
him credit on his 15 year sentence for the time that he spent in jail from the
date of his arrest and confinement until the trial court sentenced him.  We agree. 
It is mandatory for a trial court to give the defendant credit on his
sentence for time that the defendant spent in jail from the time of his arrest
and confinement until the time of sentencing by the trial court.  TEX. CODE CRIM. PRO. ANN. art. 42.03, ' 2(a) (Vernon Supp. 2002). A[W]hen an inmate is given stacked sentences
he is entitled to multiple credit for periods he was simultaneously confined on
more than one of those causes, prior to the stacking order.@  Ex
parte Wickware, 853 S.W.2d 571, 573 (Tex.Cr.App.1993).  In such cases, the trial court must apply
flat-time credit to each of the sentences. 
Ex parte Wickware, supra at 573. 
Appellant was arrested and confined on November 9, 2000, in connection
with the aggravated sexual assault offense, the motion to revoke his community
supervision for the deadly conduct offense, and the petition to adjudicate
guilt for the aggravated assault offense. 
Because each of the three offenses was Aan independent and sufficient cause of detention,@ appellant is entitled to a credit on his
sentences on each of the three offenses for time spent in jail from the date of
his arrest and confinement until the trial court sentenced him.  See Ex parte Crossley, 586 S.W.2d 545, 546
(Tex.Cr.App.1979); Ex parte Spates, 521 S.W.2d 265, 266 (Tex.Cr.App.1975).  We sustain appellant=s second point of error.[2]  

A review
of the record establishes the proper credit in this cause.  The record supports a finding that appellant
served 294 days in jail from the date of his arrest and confinement for the
aggravated sexual assault offense until the date that the trial court sentenced
him (November 9, 2000, through August 29, 2001).  He is, therefore, entitled to 294 days credit in the trial court=s judgment. 
                                                       This
Court=s Ruling

We modify
the trial court=s judgment to credit appellant with 294 days
on his 15 year sentence and, as modified, affirm.  See TEX.R.APP.P. 43.2.

 

PER
CURIAM

 

October 10, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and 

Wright, J., and McCall, J.











     [1]Appellant appeals from his conviction of the aggravated
assault offense in Cause No. 11-01-00363-CR. 
The trial court cause number for the aggravated assault offense was
366-80519-99 in the 366th District Court of Collin County.  Appellant also appeals from his conviction
of an offense of deadly conduct in Cause No. 11-01-00362-CR.  The trial court cause number for the deadly
conduct offense was 366-80518-99 in the 366th District Court of Collin
County.  We address the issues raised by
appellant in those appeals in separate opinions.  





     [2]The State asserts that this appeal is the wrong forum
for appellant to present his claim for credit. 
Instead, the State argues that appellant should be required to follow
the internal prison procedure that exists for prison inmates to challenge their
time credits.   TEX. GOV=T CODE ANN. '
501.0081(a) (Vernon Supp. 2002) provides that the Department of
Corrections:  

 

[S]hall develop a system that allows resolution of a
complaint by an inmate who alleges that time credited on the inmate=s sentence is in error and does not accurately reflect
the amount of time-served credit to which the inmate is entitled. 

 

We disagree that it is necessary for appellant to seek
relief through the internal prison procedure. 
In this cause, the trial court erred by failing to give appellant credit
for time served.  This appeal is the
proper forum for appellant to raise error by the trial court.