NUMBER
13-04-328-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

GUADALUPE GUERRA,                                                                   Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 332nd District
Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Guadalupe Guerra, was found guilty of
violating several conditions of his community supervision and sentenced to ten
years= imprisonment. 
On appeal, appellant raises two issues: 
(1) prosecutorial vindictiveness, and (2) the trial court erred in
denying appellant=s affirmative defense of inability to pay his
probationary fees.  We affirm the
judgment of the trial court.

BACKGROUND


On November 14, 2002, appellant was charged with two
counts of deadly conduct in cause number CR-2657-02-F.  Appellant pleaded guilty to one count of
deadly conduct, with the second count dismissed as part of his plea bargain
with the State.  Appellant was granted
deferred adjudication and placed on community supervision for eight years.  

On March 12, 2003, the State filed a motion for
adjudication of guilt alleging that appellant had violated terms and conditions
of his deferred adjudication.  Appellant
allegedly (1) committed a capital murder on or about September 5, 2002, (2)
failed to show proof of driver=s license or insurance on or about January 28, 2003,
(3) failed to pay his supervisory fee, (4) failed to pay court costs, (5)
failed to pay his fine, (6) failed to perform 240 hours of community service,
and (7) failed to pay his court-appointed counsel.  The indictment for the capital murder charge
followed under cause number CR-0960-03-F. 


On March 14, 2003, the court called the hearing for
the State=s motion for adjudication of guilt in cause number
CR-2657-02-F.  Appellant=s attorney and Assistant District Attorney Steven
Schammel  allegedly negotiated a plea
bargain whereby appellant would serve three years in jail.  Schammel did not submit such a plea to the
court.  Instead, the State filed a motion
to dismiss its motion to adjudicate guilt. 
Appellant remained in jail awaiting trial on the charges set forth in
cause number CR-0960-03-F.








On March 29, 2004, the State re-filed the motion to
adjudicate guilt in cause number CR-2657-02-F alleging that appellant had
violated terms and conditions of his deferred adjudication.  Appellant allegedly failed to (1) pay his
supervisory fee, (2) pay his court costs, (3) pay his fine, (4) perform 240
hours of community service, and (5) pay his court-appointed counsel.

On April 8, 2004, the court heard the motion for
adjudication of guilt.  Appellant was
sentenced to ten years= imprisonment; however, he did not receive credit
for the time he had already spent in jail.  

On April 12, 2004, the State dismissed the
indictment in cause number CR-0960-03-F.

On May 10, 2005, appellant filed a motion for new
trial in cause number CR-2657-02-F in which he accused the government of
prosecutorial vindictiveness and retaliation, as well as violating his rights
to a speedy trial, protection against double jeopardy, and due process.  The motion was denied, and this appeal
followed.     

I. Prosecutorial Vindictiveness

By his first issue, appellant contends that the
prosecutor was guilty of prosecutorial vindictiveness.  Appellant accuses the prosecutor of being
vindictive when he allegedly (a) plea bargained for three years on a motion for
adjudication of guilt; (b) dismissed that same motion prior to presenting the
plea to the court, and a year later re-filed the motion for adjudication when
the appellant exercised his constitutional right to a jury trial in a separate
case, thereby causing the appellant to receive the maximum punishment of ten
years from the court; and (c) denied the year=s
credit that appellant would have otherwise been entitled to had the first
motion for adjudication of guilt not been dismissed.  








A district court=s
factual findings of prosecutorial vindictiveness are reviewed for clear error
and the legal principles which guide the district court are reviewed de novo.  See United States v. Johnson, 91 F.3d
695, 698 (5th Cir. 1996) (evaluating whether the state of Texas and federal
government=s simultaneous prosecutions were vindictive).

A constitutional claim of prosecutorial
vindictiveness may be established in two distinct ways:  (1) proof of circumstances that pose a Arealistic likelihood@ of
such misconduct sufficient to raise a Apresumption of prosecutorial vindictiveness,@ which the State must rebut or face dismissal of the
charges; or (2) proof of Aactual vindictiveness@B that is, direct evidence that the prosecutors=s charging decision is an unjustifiable penalty
resulting solely from the defendant=s exercise of a protected right.  Neal v. State, 150 S.W.3d 169, 173
(Tex. Crim. App. 2004).  

A. Plea-Bargain

Appellant contends that he and Prosecutor Schammel
initially negotiated a plea bargain whereby appellant would serve three years
in jail.  A plea bargain agreement is a
bilateral, not unilateral, contract.  Ramirez
v. State, 89 S.W.3d 222, 226 (Tex. App.BCorpus
Christi 2002, no pet.).  A plea bargain
is not Aentered into@ until the trial court accepts the plea
agreement.  Wilson v. State, 689
S.W.2d 311, 314 (Tex. App.BFort Worth 1985, pet. ref=d). 

In the instant case, Schammel provided appellant
with the necessary paperwork for the plea agreement, which appellant and
Schammel both signed and notarized. 
However, Schammel did not submit the completed agreement to the court
for its acceptance.  Appellant=s allusion that Schammel reneged on their plea
bargain agreement is unfounded.  No
acceptance by the trial court occurred here; therefore, neither the State nor
appellant was ever bound by any plea agreement. 
See Wilson, 689 S.W.2d at 314. 
Thus, we conclude that the State was under no obligation to re-offer
appellant a three year plea bargain that never existed.  








B. Dismissal and Subsequent Re-filing of Motion to
Adjudicate Guilt

Appellant also contends that the prosecutor was
vindictive because he dismissed the original motion for adjudication of guilt and
then re-filed it one year later, allegedly in retaliation for appellant=s exercising of his constitutional right to a jury
trial in a separate case.  In his motion
for new trial, appellant argues that the dismissal and re-filing of the motion
to adjudicate guilt raises a double jeopardy issue.  

Only the court in which the defendant was tried may
grant community supervision, impose conditions, revoke the community
supervision, or discharge the defendant. 
See Tex. Code Crim. Proc.
Ann. art. ' 10(a) (Vernon 2005).  Whether under the Texas or United States
Constitution, it is elemental that the criterion which triggers double jeopardy
is the risk of multiple prosecutions or punishments for the same offense.  Ex parte Broxton, 888 S.W.2d 23, 25
(Tex. Crim. App. 1994).  Unlike a
criminal proceeding, guilt or innocence is not at issue during a probation
revocation hearing.  State v. Nash,
817 S.W.2d 837, 840 (Tex. App.BAmarillo 1991, pet. ref'd).  Rather, what is at issue is whether the
defendant has committed an act which effectively broke the contract he or she
made with the court pursuant to granting probation.  Id. 
The result is not a conviction, but a finding on which the trial court
can then exercise its discretion by revoking or continuing probation.  Id. 
(citing Davenport v. State, 574 S.W.2d 73, 75 (Tex. Crim.
App. 1978)).  Accordingly, double
jeopardy does not apply to a proceeding in which the result is neither a
conviction nor an acquittal.  See
id.  Double jeopardy therefore does
not exist in this case.   








With regard to whether the State erred in dismissing
and then re-filing the motion to adjudicate guilt, the record shows that the
State dismissed the motion to adjudicate guilt before the court heard any testimony
or evidence regarding said motion. 
Although the State filed a motion to revoke appellant=s probation on March 12, 2003, no plea was taken, no
evidence was heard, and no hearing was held. 
Because no formal hearings were held, the State was free to re-file the
motion to revoke  and to allege some or
all of the offenses it had alleged previously, with or without the allegation
of a new violation.  See Winkle v.
State, 718 S.W.2d 306, 308 (Tex. App.BDallas 1986, no pet.).  

C. Credit for Time Served

Appellant further alleges that the prosecutor was
vindictive in denying him credit for the year he had already spent in
jail.  It is well-settled that an
individual is entitled to credit for the time he has spent in jail Ain said cause.@  See Tex. Code
Crim. Proc. Ann. art. 42.03, ' 2 (Vernon Supp. 2004-05); Ex parte Hernandez,
845 S.W.2d 913, 914 (Tex. Crim. App. 1993) (per curiam).  Here, however, the time appellant spent in
jail was not related to the charge currently being appealed but rather was
accrued while appellant was awaiting trial for a separate crime.  Accordingly, this argument fails.  

There is no evidence of prosecutorial vindictiveness
in this case.  We overrule appellant=s first issue. 

II. Affirmative Defense of Inability to Pay
Probationary Fees

By his second issue, appellant contends that the
trial court erred in denying his affirmative defense of inability to pay his
probationary fees.  Before deciding the
merits of this issue, however, we must first determine whether we have
jurisdiction to hear appellant=s argument.  








Inability to make court‑ordered payments is an
affirmative defense to revocation of community supervision. Tex. Code
Crim. Proc. Ann. art.
42.12, ' 21(c) (Vernon Supp. 2004‑05).  When evidence that the probationer is unable
to pay fees, court costs, fines, or restitution is not refuted by the State and
the trial court revokes probation, it is an abuse of discretion.  Quisenberry v. State, 88 S.W.3d 745,
749 (Tex. App.BWaco 2002, pet. ref'd).

Article 42.12, section 5(b) of the code of criminal
procedure provides that no appeal may be taken from a trial court's
determination to proceed with the adjudication of guilt. Tex. Code
Crim. Proc. Ann.
art. 42.12, ' 5(b); see Connolly v. State, 983
S.W.2d 738, 741 (Tex. Crim. App. 1999); Olowosuko v. State, 826 S.W.2d
940, 942 (Tex. Crim. App. 1992).  Therefore,
although we would have jurisdiction to address the issue of appellant=s affirmative defense of inability to pay
probationary fees if this were an appeal from the revocation of ordinary
community supervision (which is imposed following adjudication), as in Quisenberry,
we have no jurisdiction to address it in the context of an appeal from
adjudication of guilt.  We overrule
appellant=s second issue.

CONCLUSION

The judgment of the trial court is affirmed.  

        

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 3rd day of November, 2005.