# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2010

No. 08-51310
Summary Calendar

Charles R. Fulbruge III
Clerk

GREGORY LAWRENCE MOORE

Plaintiff-Appellant

v.

RISSIE L. OWENS; JOSÉ ALISEDA; CHARLES AYCOCK; JACKIE
DONOYELLES; LINDA GARCIA; JUANITA M. GONZÁLEZ; ELVIS
HIGHTOWER; PAMELA D. FREEMAN; JANE DOES, All Future Members
and Commissioners of the Texas Board of Pardons and Paroles; JOHN DOES,
All Future Members and Commissioners of the Texas Board of Pardons and
Paroles

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-00418

Before BENAVIDES, PRADO, SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Gregory Lawrence Moore appeals from the dismissal of his suit

under 42 U.S.C. § 1983 asserting that Appellee members of the Texas Board of

Pardons and Paroles (the "Parole Board") determined his parole eligibility using

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 08-51310

rules that violate the Ex Post Facto Clause of the U.S. Constitution.  We find no ex post facto violation and affirm the district court.

A.

Moore is an inmate currently being held at Michael Unit, a Texas correctional facility in Tennessee Colony, Texas.  He is serving a 20-year sentence under Tex. Penal Code § 38.10 for failure to appear in accordance with the terms of his release from custody.  He has also been sentenced to serve a 30-year sentence under Tex. Penal Code § 22.021 for aggravated sexual assault of a child.

Moore filed this suit *pro se* and *in forma pauperis* in 2005, alleging that the Parole Board violated a number of his constitutional rights in reviewing his eligibility for release on parole.  The district court eventually dismissed all of Moore's claims under Rule 12(b)(6).  On appeal, in 2007 we affirmed the district court in part, but remanded for a determination of whether the rules used by the Parole Board to calculate Moore's eligibility for parole on his consecutive sentences violated the Ex Post Facto Clause.  On remand, the district court concluded that the rules applied to Moore's sentences did not violate the Clause, and dismissed this case for failure to state a claim.  The only issue before us on appeal is whether the rules used to calculate Moore's eligibility for parole on his consecutive sentences violate the Ex Post Facto Clause.[1]

---

[1] In his briefing, Moore makes several allegations that could be construed as being additional claims.  First, Moore alleges that Appellants are forcing him to serve both of his sentences twice, in violation of his constitutional rights.  Second, Moore asserts that Texas has been following an informal, unpublished policy severely restricting the release of inmates on parole.  He alleges that Texas adopted this policy in order to gain funding from the federal government under the Violent Offender Incarceration and Truth-in-Sentencing program ("VOI/TIS").  He claims that several policies and statutory provisions regarding parole eligibility have been modified with the goal of winning VOI/TIS funding and suggests that these changes have been enforced retroactively, violating the Ex Post Facto Clause.

In 2007, when we reversed the district court's dismissal of this case, the only claim we

2

No. 08-51310

## B.

"We review the district court's conclusion that the plaintiff failed to state a claim on which relief may be granted de novo." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). "[W]e will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*.

## I.

In 1987, the Texas Legislature changed the manner in which parole eligibility is calculated for inmates serving consecutive sentences. Before 1987, if an inmate were serving consecutive sentences, these sentences were added together for parole determinations. Since 1987, Texas law has provided that "[a] parole panel may not . . . consider consecutive sentences as a single sentence for purposes of parole." Tex. Gov't Code Ann. § 508.150(c)(1) (Vernon 2004); *see also* Act of June 19, 1987, ch. 1101, 1987 Tex. Gen. Laws 3750, 3755; *Ex parte Wickware*, 853 S.W.2d 571, 573 (Tex. Crim. App. 1993). Initially, the Texas Department of Criminal Justice ("TDCJ") interpreted this change as having no practical effect on its parole determinations, as it concluded that the date of eligibility for release on parole would be "the same under either method of calculation." *Wickware*, 853 S.W.2d at 573. Apparently, TDCJ interpreted the law to provide that once an inmate became statutorily eligible for parole on his or her first sentence, he or she would automatically begin serving his or her second sentence. *Id*. at 573 n.1.[2]

_____

remanded for further consideration was whether the rules governing Moore's eligibility for parole on his consecutive sentences violated the Ex Post Facto Clause. Consequently, none of these additional claims are properly before us on appeal and we do not address them, except to the extent that they are relevant to Moore's sole remaining ex post facto claim.

[2] If an inmate automatically begins serving his or her second sentence upon statutory eligibility for parole on the first, then calculating eligibility for parole separately on both sentences would have no impact on the ultimate date of eligibility for release. For example, if two four-year sentences were treated as a single eight year sentence, an inmate could

3

No. 08-51310

Consequently, after 1987 the TDCJ effectively continued to aggregate consecutive sentences into a single sentence for the purposes of calculating parole eligibility.

However, the TDCJ's interpretation of Tex. Gov't Code Ann. § 508.150 was incorrect.[3]  Since 1987, section 508.150(b) has provided that a first sentence does not cease to operate and thereby allow an inmate to earn eligibility toward parole on a second sentence until (i) the date "when the actual calendar time served by the inmate equals the sentence imposed by the court" or (ii) "the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence."  Tex. Gov't Code Ann. § 508.150(b).  As a result, the TDCJ was in error when it allowed inmates to earn eligibility for parole on a second sentence without a parole panel determination that the first sentence should cease to operate.  *See Ex parte Kuester*, 21 S.W.3d 264, 270 (Tex. Crim. App. 2000) (concluding that a sentence only ceases to operate after "a discretionary decision on the part of the Board that the person actually would have been released to parole but for the second sentence"), *overruled on other grounds*, *Ex parte Hale*, 117 S.W.3d 866, 872 n. 27 (Tex. Crim. App. 2003); *Cain v. Tex. Bd. of Pardons and Paroles*, 104 S.W.3d 215, 218-19  (Tex. App. 2003) (concluding that parole boards "may decline to determine an eligibility date [on a first sentence] and set the case for further review in the future").  To correct this error, in 1997 "the practice of treating cumulative sentences as a single combined sentence was discontinued in lieu of performing time

become eligible for parole after two years.  If these sentences were treated separately, an inmate would become eligible for parole on the first sentence after one year and could begin accruing time on his or her second sentence.  Then, after another year, the inmate would become eligible for parole on the second sentence.

[3] Before 1997, section 508.150 and other rules concerning parole were codified at Tex. Code Crim. Proc. art. 42.18.

No. 08-51310

calculations on each consecutive case singularly and sequentially." *Kuester*, 21 S.W.3d at 265; *see also* Tex. Dep't of Criminal Justice, Administrative Directive 04.37, Consecutive Sentence Review Process 3 (1997) ("The Texas Department of Criminal Justice and the Texas Board of Pardons and Paroles have determined that time calculations for many consecutively-sentenced inmates (post-1987 offenses) must be re-evaluated.  Under the statute passed in 1987, . . . each sentence in the consecutive sentence must be considered alone and in sequence.").  Additionally, to formalize this new interpretation, the TDCJ adopted a new regulation in 1997 mandating that "[a] parole panel may not treat consecutive sentences as a single sentence for purposes of parole" and that "[a] parole panel shall designate during each sentence the date, if any, on which the prisoner would have been eligible for release on parole if the prisoner had been sentenced to serve a single sentence."  37 Tex. Admin. Code § 145.4 (2009).

## II.

The Ex Post Facto Clause establishes that, "No State shall . . . pass any . . . ex post facto law . . . ."  U.S. Const. art. I, § 20, cl. 1.  A law violates the Ex Post Facto Clause if it "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Carmell v. Texas*, 529 U.S. 513, 522 (2000) (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798)).  Retroactive application of changes to statutes and regulations governing parole determinations may sometimes violate the Clause.  *See Shabazz v. Gabry*, 123 F.3d 909, 915 n.12 (6th Cir. 1997).

As noted above, Moore is currently serving a 20-year sentence for failure to appear and has also been sentenced to serve a 30-year sentence for aggravated sexual assault of a child.  The assault occurred on June 1, 1989 and his failure to appear occurred on January 27, 1997.  Both of Moore's crimes occurred after section 508.150 became effective in 1987, but before

No. 08-51310

TDCJ adopted the correct interpretation of the statute. As a result, Moore contends that his eligibility for parole should be calculated under the TDCJ's pre-1997 interpretation of section 508.150. The Parole Board has not done so; instead, it has voted to deny Moore parole on his first sentence for failure to appear, thus blocking him from beginning to earn eligibility for parole on his second sentence.

The Parole Board's failure to apply its pre-1997 interpretation does not violate the Ex Post Facto Clause. Both of Moore's crimes occurred after 1987, when section 508.150 came into effect, and consequently the statute is not being applied to Moore retroactively. While 37 Tex. Admin. Code § 145.4 did not become effective until April 7, 1997, the regulation did not alter the law; instead, it merely restated provisions of section 508.150 that had already been in place for a decade. *Compare* Tex. Gov't Code Ann. § 508.150(a) ("[A] parole panel shall designate during each sentence the date, if any, the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence."), *and id.* § 508.150(c)(1) ("A parole panel may not . . . consider consecutive sentences as a single sentence for purposes of parole."), *with* 37 Tex. Admin. Code § 145.4(a) ("A parole panel may not treat consecutive sentences as a single sentence for purposes of parole."), and *id.* § 145.4(d) ("A parole panel shall designate during each sentence the date, if any, on which the prisoner would have been eligible for release on parole if the prisoner had been sentenced to serve a single sentence.").

However, Moore asserts that the reason the TDCJ reinterpreted section 508.150 is that Texas needed to reduce the number of Texas inmates being released early from their sentences in order to gain federal funding under the Violent Offender Incarceration and Truth-in-Sentencing program. Even if this were true, there would still be no ex post facto violation, as the TDCJ

6

No. 08-51310

only sought to achieve this goal by enforcing a statute that had been in place since 1987.

## C.

Since the Parole Board did not violate the Ex Post Facto Clause, we AFFIRM the district court's dismissal of this case.