# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00820-CV

## In re Joe Torres Garza

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Joe Torres Garza has filed a petition for writ of mandamus seeking to compel the district court to enter a nunc pro tunc order modifying his judgment of conviction to reflect time allegedly spent in the custody of the Texas Department of Criminal Justice (TDCJ) on a detainer. Because we conclude that the record provided does not demonstrate that Garza has an indisputable right to the relief requested, we will deny the petition without prejudice.

The record reflects that Garza was convicted of the offense of aggravated assault with a deadly weapon on February 3, 2011, in trial court cause number 09-621. The judgment of conviction, which is included in the record, shows that Garza pleaded guilty to the offense and was sentenced to five years' imprisonment. The judgment also shows that Garza was awarded jail-time credit for the periods from May 6, 2009 to May 20, 2009, and from June 25, 2010 to February 3, 2011.

Also included in the record is a computer printout, apparently from the Texas Department of Criminal Justice, showing that a detainer was placed on Garza while he was

incarcerated at TDCJ for a separate offense.[1] The printout, which was dated June 2, 2011, shows that the detainer was requested by the Hays County Sheriff's Office. The offense listed on the printout was aggravated assault with a deadly weapon, with a reference number of "CR090621," corresponding to the trial court cause number for the charged offense. There were also two additional dates on the printout: November 23, 2009, which appears to be the date the detainer was requested, and June 25, 2010, the date the detainer became "inactive."[2]

The only other document included in the record is the district court's order denying Garza's motion for judgment nunc pro tunc. In the document, Garza claims that he is entitled to receive jail-time credit for the periods from "05-06-09 to 05-20-09," "11-23-09 to 06-25-10," and "6-25-10 to 02-03-11." The district court denied the motion without explanation.

Garza has now filed a petition for writ of mandamus complaining of the district court's order denying his motion. According to Garza, he is entitled to receive credit for the time spent incarcerated on the detainer requested by Hays County, which Garza claims was from November 23, 2009, until June 25, 2010.[3]

"The traditional test for determining whether mandamus relief is appropriate requires the relator to establish two things." *State ex rel. Young v. Sixth Jud. Dist. Court of Appeals*,

---

[1] According to TDCJ's website, at the time the detainer was placed on Garza, he was incarcerated for the offense of unauthorized use of a motor vehicle. *See* Texas Department of Criminal Justice Offender Information Details, Joe Torres Garza, *available at* http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=05574914.

[2] It appears from the printout that detainers which are no longer active are classified by TDCJ as either "canceled," "inactive," or "expired." There is no indication in the record as to the distinctions between these terms.

[3] We requested a response from the State to Garza's petition, but no response was filed.

2

236 S.W.3d 207, 210 (Tex. Crim. App. 2007). "First, he must show that he has no adequate remedy at law to redress his alleged harm." *Id*. "Second, he must show that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *Id*. "If the relator fails to satisfy either aspect of this two-part test, then relief should be denied." *Id*. The latter requirement is satisfied if the relator can show he has "a clear right to the relief sought." *Id*. In other words, "an act may be regarded as 'ministerial' when the facts are undisputed and, given those undisputed facts, 'the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." *Id*. (quoting *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994)).

In this case, Garza's entitlement to mandamus relief hinges on whether he has a clear right to the additional jail-time credit requested in his motion. "In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time the defendant has spent (1) in jail in said cause . . . from the time of arrest and confinement until his sentence by the trial court." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (West Supp. 2011). Consequently, "[t]he trial court is required to grant the [defendant] pre-sentence jail time when sentence is pronounced." *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). If the trial court does not do so at that time, the defendant may later file a motion for judgment nunc pro tunc requesting the time credit. *See id*. "Whenever a defendant can show *indisputably* that he has been denied jail-time credit for a period of pre-trial incarceration for the identical 'case' for which he was convicted and sentenced, he is entitled to relief from the convicting court in the

3

form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals." *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011) (emphasis added).

When a person is already confined, either physically or constructively, by another jurisdiction for a separate offense, he is confined on the charged offense only if a detainer or "hold" is lodged against him by that jurisdiction. *See Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989); *Nixon v. State*, 572 S.W.2d 699, 701 (Tex. Crim. App. 1978). The effect of a detainer or hold while incarcerated in TDCJ is "no different than if [the petitioner] had been incarcerated in another state's prison or in a federal penitentiary." *Bynum*, 772 S.W.2d at 115. "No formal detainer is required if it is established by some other means that the prisoner was detained in that cause . . . ." *Ex parte Hannington*, 832 S.W.2d 355, 356 (Tex. Crim. App. 1992) (citing *Ex parte Kuban*, 763 S.W.2d 426 (Tex. Crim. App. 1989). "If in fact a hold was placed, appellant should be credited with all such time." *Nixon*, 572 S.W.2d at 701.

Here, the computer printout suggests that a detainer was placed on Garza by the Hays County Sheriff's Office for the charged offense—the offense and cause number on the printout correspond to the offense and cause number on the judgment of conviction, and Garza's name appears on both documents. However, the length of time the detainer was placed on Garza is not clear from the record. The printout apparently shows the date the detainer was requested and the date the detainer became "inactive," but the printout does not specify whether the detainer was placed on Garza for that entire time period or for some other period of time within those dates. In order to clarify the amount of time that the detainer was placed on Garza, additional evidence is needed, such as an affidavit or other evidence from a person with knowledge of TDCJ detainer

4

procedures who could confirm that the dates on the printout correspond to the dates in which the detainer was placed on Garza, or certified documents from TDCJ showing that the detainer was in fact placed on Garza for the time period in question.[4] *See Ex parte Rodriguez*, 195 S.W.3d 700, 703-04 (Tex. Crim. App. 2006); *Ex parte Hernandez*, 845 S.W.2d 913, 914 (Tex. Crim. App. 1993).

Moreover, the judgment of conviction reflects that Garza pleaded guilty to the charged offense. Thus, it is possible that this is a plea-bargain case and that, as part of the plea agreement, Garza had agreed to a set number of days of jail-time credit that are already accurately reflected in the judgment of conviction. If that is the case, then Garza would not be entitled to a judgment nunc pro tunc awarding him any additional jail-time credit. *See Collins v. State*, 240 S.W.3d 925, 928-29 (Tex. Crim. App. 2007) (holding that judgment nunc pro tunc was not proper remedy for failure to award pre-sentence time credit where trial court exercised judicial reasoning in allowing terms of plea bargain to control time credit awarded and explaining that "the ability of a defendant to enter into a plea bargain and waive his right to back-time is important because it demonstrates that Appellee did not have a clear automatic legal right to the pre-sentence credit"). If, on the other hand, the amount of pre-sentence credit was not a negotiated term of a plea bargain, then a judgment nunc pro tunc reflecting the actual amount of time Garza served in the case would be appropriate. *See In re Gomez*, 268 S.W.3d 262, 266 (Tex. App.—Austin 2008, orig. proceeding) (conditionally granting mandamus relief in case in which "plea agreement did not address, one way or the other, whether [relator] was to receive back-time [credit] or how much").

---

[4] We note that the copy of the computer printout included in the record does not appear to be a certified copy as required by the rules of evidence. *See* Tex. R. Evid. 902(4) (pertaining to certified copies of public records).

Here, the terms of the plea agreement have not been made a part of the record. Nor has Garza represented in his petition that the amount of pre-sentence credit was not a term of the agreement.

In summary, it is relator's burden to provide this Court with a record sufficient to establish his right to mandamus relief. *See* Tex. R. App. P. 52.7(a); *cf. Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). In this case, that means providing a record sufficient to show that the district court abused its discretion in denying Garza the jail-time credit to which he is indisputably entitled. *See Brown*, 343 S.W.3d at 805. For the reasons discussed above, Garza has failed to provide such a record. Accordingly, we deny Garza's petition without prejudice to re-file his petition at a later time.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: February 15, 2012

6