# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2014

Lyle W. Cayce
Clerk

DWAYNE ALLEN VALENTINE,

Plaintiff-Appellant

v.

VANESSA JONES, Chairman for Classification and Records BOT Warehouse; GEORGE W. LANG, II, Chief Appeallate Section-State Counsel for Offenders; MELBA KNOBLOCK, Legal Assistant (SCFO); JOYCE GRIFFIN, Legal Assistant (SCFO); NENETTE CARTER, Legal Assistant (SCFO); FNU EDGIN, Legal Assistant (SCFO); DIRECTOR RICK THALER; ANISSA COMMANDER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-586

Before DAVIS, SOUTHWICK and HIGGINSON, Circuit Judges.

PER CURIAM:*

Dwayne Valentine, former Texas prisoner # 731947, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that he was denied due process when he was incarcerated 46 days beyond the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

expiration of his state sentence and that the defendants failed to investigate the miscalculation of his maximum release date. The district court granted summary judgment in favor of defendants Rick Thaler, Director of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID); Vanessa Jones, Chairperson for TDCJ-CID Classification and Records; and Anissa Commander, a parole officer with the Texas Board of Pardons and Paroles. The claims against the remaining defendants, all of whom were employees of State Counsel for Offenders (SCFO), were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

The basic facts are not in dispute. In 1996, in Denton County, Texas, Valentine was sentenced to a 15-year term of imprisonment for a robbery conviction; the judgment indicated that he would be credited with 506 days toward the sentence. The following year, the Denton County district court entered a nunc pro tunc order, crediting Valentine with an additional 102 calendar days of jail time credit. This correction was noted in the TDCJ-CID records. At various points from 1999 through 2009, Valentine sought the assistance of the SCFO office, as well as the TDCJ-CID (through its time credit dispute resolution procedures), to correct an alleged miscalculation of his jail time credits. Ultimately, on May 5, 2009, the Denton County district court entered a second nunc pro tunc order, indicating that Valentine was credited with a total of 698 days of calendar time. Pursuant to this second nunc pro tunc order, Valentine's sentence for his robbery conviction expired on May 6, 2009. On June 15, 2009, the TDCJ-CID Classifications and Records Office received the second nunc pro tunc order and confirmed the veracity of that order. Valentine was released from TDCJ-CID custody by discharge on June 22, 2009.

As an initial matter, Valentine fails to raise any argument regarding the dismissal, on Eleventh Amendment immunity grounds, of any official capacity claims for monetary damages against the TDCJ-CID Director, Jones, and Commander.  Accordingly, he has abandoned those claims.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

With respect to his individual capacity claims against the TDCJ-CID Director, Jones, and Commander, Valentine contends that the district court erred in granting summary judgment in favor of those defendants on the basis of qualified immunity.  We review a grant of summary judgment de novo, using the same standard as that employed by the district court.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Although all reasonable factual inferences must be made in favor of the non-moving party, summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011).  A right is clearly established if "the contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (internal brackets and quotation marks omitted).  In this case, due process concerns arguably are implicated as Valentine was

incarcerated more than 30 days beyond the expiration of his sentence. *See Porter*, 659 F.3d at 445. Nevertheless, Valentine has not shown that the actions of the TDCJ-CIJ Director, Jones, and Commander were objectively unreasonable in light of clearly established law and the circumstances that confronted those defendants. *See id.*; *see also Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

As a supervisory official, the TDCJ-CID Director is only liable under § 1983 if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter*, 659 F.3d at 446. Supervisory officials are not subject to respondeat superior liability under § 1983. *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002). Here, the only conduct directly attributable to the TDCJ-CID Director is his having certified that Valentine's discharge date was June 22, 2009. This certificate was issued on June 18, 2009, three days after the TDCJ received the second nunc pro tunc order from the convicting court. Valentine fails to explain how this prompt response on the part of the TDCJ-CID Director was the product of deliberate indifference to his right to a timely release or was otherwise objectively unreasonable. *See Porter*, 659 F.3d at 446. Further, while Valentine recites various legal theories upon which a jailer may be liable for unlawful detention, he does not cite to any policy or procedure that the TDCJ-CID Director violated, nor does he describe how the time credit procedural system was ineffective. His pleadings' failure to allege the specific factual underpinnings of these legal conclusions is fatal in the face of the TDCJ-CID Director's assertion of qualified immunity. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

Valentine's claim against Jones, who reviewed and denied his October 2008 time credit dispute resolution request, was based on his allegations that she failed to properly investigate the miscalculated sentence and refused to investigate the Denton County court documents. However, the record reflects that Jones considered Valentine's request (which was submitted while the 1997 nunc pro tunc order was facially valid) and properly advised him that, under Texas law, the maximum release date could not be altered except by a certified order from the convicting court. *See Ex Parte Wickware*, 853 S.W.2d 571, 573 (Tex. Crim. App. 1993) ("TDCJ is required to award inmates in its custody pre-sentence jail time credits as reflected in the judgment."); *Ex Parte Harvey*, 846 S.W.2d 328, 329 (Tex. Crim. App. 1993) ("[O]nly the judge of the court in which the defendant was convicted shall compute credit for the time the defendant spent in jail in said cause from the time of his arrest and confinement until his sentence by the trial court."). Similarly, as to Commander, Valentine alleged that after informing her of the second nunc pro tunc order, Commander ignored his requests that he was being held beyond his release date. To the contrary, however, the documents submitted by Valentine demonstrate that Commander promptly responded to both of his I-60 inmate request forms, first advising him that the convicting court had to advise TDCJ-CID of any changes in the court's time credit calculation, and later advising that he would be transferred to a temporary facility and released within days. Valentine does not explain how these responses were objectively unreasonable in light of the circumstances that confronted Jones and Commander at the time. *See Graham*, 490 U.S. at 396-97.

As Valentine has pointed to no evidence defeating these defendants' entitlement to qualified immunity, the district court did not err in granting the

motion for summary judgment in favor of the TDCJ-CID Director, Jones, and Commander. *See Porter*, 659 F.3d at 445; *Turner*, 476 F.3d at 343.

Next, Valentine asserts that the district court erred in dismissing as frivolous his claims against the SCFO defendants, whom he contends miscalculated his release date and ignored his requests for an investigation of the correct sentence date. Our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (applying de novo review when the district court dismisses a claim as frivolous under both § 1915 and § 1915A). A claim is "frivolous" if it lacks "an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citation omitted). As the district court correctly observed, Valentine points to no evidence supporting his claims that the SCFO defendants miscalculated his sentence in light of the available information or that they were unresponsive to his requests. Rather, the documents submitted by Valentine reflect just the opposite, i.e., the SCFO defendants reviewed his claims of a calculation error and promptly responded to his requests. Valentine thus has not shown that the district court erred in dismissing his claims against the SCFO defendants as frivolous. *See Geiger*, 404 F.3d at 373-74.

In addition, Valentine abandons, by failing to brief, any challenge to the district court's dismissal of his claim for punitive damages against the defendants. *See Yohey*, 985 F.2d at 224-25. Finally, we do not consider Valentine's claims, which he raises for the first time on appeal, that the defendants are liable to him for false imprisonment and for damages under *Heck v. Humphrey*, 512 U.S. 477 (1994), as a result of his allegedly unconstitutional imprisonment. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.