

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,879-01, WR-85,879-02 & WR-85,879-03

### EX PARTE GUS STEVEN SIMON JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2014R-0110-A, 2014-0111-A & 2014-0112-A
### IN THE 155TH DISTRICT COURT
### FROM AUSTIN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of manufacture or delivery of a controlled substance in a drug free zone and delivery of marihuana in a drug free zone. He was sentenced to six years' imprisonment in each case. He did not appeal his convictions.

Applicant contends that prison authorities are not crediting his sentences with all of the pre-sentence jail time he was awarded under the plea agreements in these cases. It appears that applicant

was awarded pre-sentence jail time credits that pre-dated his offense dates. *Ex parte Wickware*, 853 S.W.2d 571, 573 (Tex. Crim. App. 1993).

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing how Applicant's time for these sentences is being calculated, and whether he is being credited with all of the pre-sentence jail time credits listed on his judgments. If his sentences are not being credited with all applicant time specified, the affidavit shall explain the calculations. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant pleaded guilty pursuant to an agreement that provided that Applicant would be awarded specific pre-sentence jail time credits. If so, the court shall make findings determining whether specific performance of the plea agreement is possible. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 7, 2016
Do not publish