

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,888-01

**EX PARTE PHILLIP HENRY FREEMAN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR32859-A IN THE 75TH DISTRICT COURT
## FROM LIBERTY COUNTY

*Per curiam.*

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of escape and sentenced to eighteen years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea agreement is unenforceable because it called for pre-sentence jail time credits that TDCJ will not honor, rendering the guilty plea involuntary. He contends that his sentence is illegal because the same conviction was used both to prove an element of the offense and as an enhancement. Finally, he alleges that his trial counsel rendered ineffective assistance because she allowed him to enter an unenforceable plea agreement for an illegal sentence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wickware*, 853 S.W.2d 571, 573 (Tex. Crim. App. 1993); *McWilliams v. State*, 782 S.W.2d 871, 875–76 (Tex. Crim. App. 1990). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the Applicant's plea was involuntary and whether his sentence is illegal. The court shall also make findings of fact determining whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. In evaluating claims relating to the applicable punishment range, the court shall consider whether the State knew of other prior felony convictions that were available to enhance Applicant's punishment. *Ex parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 24, 2018
Do not publish