**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

9/15/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-15-074-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/15/2015 9:13:19 AM
Dorian E. Ramirez
CLERK

## No. 13-15-074-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/15/2015 9:13:19 AM
DORIAN E. RAMIREZ
Clerk

## JOHN LOPEZ,
## APPELLANT,

### v.

## THE STATE OF TEXAS,
## APPELLEE.

ON APPEAL FROM THE 94TH DISTRICT COURT
NUECES COUNTY, TEXAS

## BRIEF FOR THE STATE

Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@nuecesco.com

Attorney for Appellee

## ORAL ARGUMENT IS REQUESTED

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................... ii

SUMMARY OF THE ARGUMENT ............................................................1

ARGUMENT ...........................................................................................2

**Reply Point No. 1**
**The trial court acted within its discretion in revoking Lopez's probation based on judicial notice of prior testimony by which the trial court found by a preponderance of the evidence that Lopez committed a criminal offense in violation of the terms of his probation.**........................2

    **I. The One-Violation Rule.**.................................................................2
    **II. Proof of the Criminal Offense Violation.**.....................................3

**Reply Point No. 2.**
**The statutory requirement for proof of ability to pay did not apply because technical violations were not the only ones alleged at the revocation hearing.**.................................................................................6

**Reply Point No. 3**
**The trial court did not err in refusing to credit Lopez's present sentence with time spent in prison on a separate offense before his probation was revoked in the present case.**......................................................7

    **I. Statement of Facts.**........................................................................7
    **II. Time Credits.**................................................................................8
    **III. Concurrent Sentencing.**................................................................8
    **IV. Application.**..................................................................................9

PRAYER................................................................................................10

RULE 9.4 (i) CERTIFICATION ...............................................................11

CERTIFICATE OF SERVICE ..................................................................11

# INDEX OF AUTHORITIES

## Cases

*Ashe v. Swenson,* 397 U.S. 436 (1970). ......................................................3

*Boykin v. State,* 818 S.W.2d 782 (Tex. Crim. App. 1991). ...........................7

*Bradley v. State*, 564 S.W.2d 727 (Tex. Crim. App. 1978)....................... 3, 6

*Ex parte Bynum*, 772 S.W.2d 113 (Tex. Crim. App. 1989). ...................... 8, 9

*Coffey v. United States,* 116 U.S. 436, 6 S.Ct. 437 (1886)...........................4

*Gipson v. State*, 428 S.W.3d 107 (Tex. Crim. App. 2014)..............................6

*Jones v. State,* 571 S.W.2d 191 (Tex. Crim. App. [Panel Op.] 1978).............2

*McDonald v. State*, 608 S.W.2d 192 (Tex. Crim. App. 1980). ......................4

*Moore v. State,* 605 S.W.2d 924 (Tex. Crim. App. 1980)..............................2

*Moreno v. State*, 22 S.W.3d 482 (Tex. Crim. App. 1999)...............................4

*Murphy v. State,* 239 S.W.3d 791 (Tex. Crim. App.  2007)....................... 3, 4

*United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S. Ct. 1099 (1984)............................................................................................... 4, 5

*Rickels v. State,* 202 S.W.3d 759 (Tex. Crim. App. 2006)............................ 2

*Russell v. State*, 551 S.W.2d 710 (Tex. Crim. App. 1977).............................4

*Smith v. State,* 286 S.W.3d 333 (Tex. Crim. App. 2009). .............................2

*Ex parte Taylor,* 101 S.W.3d 434 (Tex. Crim. App. 2002)............................4

*Ex parte Wickware*, 853 S.W.2d 571 (Tex. Crim. App. 1993). ......................9

## Statutes & Rules

Tex. Code Crim. Proc. art. 42.03. ...................................................................8

Tex. Code Crim. Proc. art. 42.08. ...................................................................9

Tex. Code Crim. Proc. art. 42.12. ...................................................................6

Tex. R. App. P. 34.6. .....................................................................................5

43A Texas Practice, *Criminal Practice and Procedure* § 48:67......................4

NO. 13-15-074-CR

| | | |
|---|---|---|
| JOHN LOPEZ, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| THE STATE OF TEXAS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## BRIEF FOR THE STATE

TO THE HONORABLE COURT OF APPEALS:

## SUMMARY OF THE ARGUMENT

*First Issue* – Lopez's acquittal under the higher burden of beyond a reasonable doubt did not bar the trial court from considering the same testimony as establishing his guilt by a preponderance for purposes of revocation.

*Second Issue* – Article 42.12 § 21 (c) requires the State to prove ability to pay when "only" certain technical violations are alleged at the revocation hearing, and thus does not apply to the present proceeding where the State also alleged a separate-offense violation.

*Third Issue* – Lopez was not entitled to have the prison time he was serving on one concurrently running sentence credited to the second sentence when his probation in that second case was later revoked.

## ARGUMENT

### Reply Point No. 1
**The trial court acted within its discretion in revoking Lopez's probation based on judicial notice of prior testimony by which the trial court found by a preponderance of the evidence that Lopez committed a criminal offense in violation of the terms of his probation.**

### I. The One-Violation Rule.

The trial court's decision to revoke probation is reviewed for an abuse of discretion, and the evidence presented at a revocation hearing is reviewed in the light most favorable to that decision. *See Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove that a defendant violated a condition of his probation by a preponderance of the evidence. *Rickels,* 202 S.W.3d at 763–64.

Proof of one violation of the terms and conditions of community supervision is sufficient to support the revocation. *Smith v. State,* 286 S.W.3d 333, 342 (Tex.Crim.App.2009); *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Therefore, in order to succeed on appeal, the defendant must successfully challenge all of the trial court's findings that support the revocation order. *Moore*, 605 S.W.2d at 926; *Jones v. State,* 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

In the present case, in order to succeed on his challenge to revocation, Lopez must prevail on both his first and second issues on appeal.

## II. Proof of the Criminal Offense Violation.

By his first issue on appeal, Lopez does not complain about the manner in which the trial court took judicial notice of the prior testimony or in general about the sufficiency of that testimony to show that he committed an offense in violation of the terms of his probation,[1] but only that the trial court should not have relied upon that testimony in view of the fact that Lopez was acquitted of the underlying offense by the jury. In other words, Lopez complains that the jury's acquittal of the defendant collaterally estops the State from using the testimony at trial to find true the allegation that he committed the offense for purposes of the motion to revoke probation.

The doctrine of collateral estoppel provides "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit relating to the same event or situation." *Murphy v. State,* 239 S.W.3d 791, 794 (Tex. Crim. App. 2007) (citing *Ashe v. Swenson,* 397 U.S. 436, 445 (1970)). To decide whether collateral estoppel bars a subsequent prosecution, a court must determine (1) exactly what facts were necessarily

---

[1] The trial court may consider, as a basis for probation revocation, testimony from a previous trial of the same defendant in the same court showing that he committed a separate offense in violation of the terms of probation. *See Bradley v. State,* 564 S.W.2d 727, 729 (Tex. Crim. App. 1978).

decided in the first proceeding, and (2) whether those "necessarily decided" facts constitute essential elements of the offense in the second trial. *Murphy,* 239 S.W.3d at 795; *see Ex parte Taylor,* 101 S.W.3d 434, 441 (Tex. Crim. App. 2002).

The Court of Criminal Appeals has long held that a prior finding of not guilty in a criminal trial does not bar the State from proving the same offense as a basis for revoking probation. *Russell v. State*, 551 S.W.2d 710, 714-15 (Tex. Crim. App. 1977) The jury verdict in the prior criminal trial decides nothing more than that the State failed to prove him guilty beyond a reasonable doubt, and does not foreclose the possibility that the same testimony would be sufficient to show a probation violation under the lesser standard of preponderance of the evidence. *See Moreno v. State*, 22 S.W.3d 482, 488 (Tex. Crim. App. 1999); *McDonald v. State*, 608 S.W.2d 192, 199 (Tex. Crim. App. 1980) (on rehearing); *Russell*, 551 S.W.2d at 714 (all noting the difference between the two burdens of proof); *see also* 43A Texas Practice, *Criminal Practice and Procedure* § 48:67.

Moreover, Lopez's reliance on *Coffey v. United States,* 116 U.S. 436, 6 S.Ct. 437 (1886), is misplaced. In *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S. Ct. 1099 (1984), the Supreme Court later disapproved of the reasoning in *Coffey*, holding that "an acquittal on

4

criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt," *Id.*, 465 U.S. at 361, that "the jury verdict in the criminal action did not negate the possibility that a preponderance of the evidence could show that [the defendant committed the crime]," *Id.*, 465 U.S. at 362, and that acquittal thus does not bar actions based on that lesser burden of proof. *Id.*

Accordingly, in the present case, the jury verdict of acquittal did not prevent the trial court from considering the same testimony to find that Lopez committed the crime in question under the lesser standard of preponderance of the evidence.

With regard to Lopez's request for supplementation of the record with a transcript of the prior testimony, although it may be within this Court's discretion to allow such supplementation, *See* Tex. R. App. P. 34.6(d), Lopez fails to argue that the testimony in question was insufficient to prove by a preponderance that he committed the offense in question and thus has failed to provide a good reason to delay the present appeal with the cumbersome procedure of preparing and filing a supplemental record and another round of appellate briefs by the parties.

However, should this Court determine that Lopez has in fact raised a challenge to the sufficiency of the evidence to support revocation based on

the separate offense, the State would agree that the proper procedure to follow has been set out by the Court of Criminal Appeals as abatement for the transcript of the testimony in question to be added as a supplemental record. *See Bradley v. State*, 564 S.W.2d 727, 732 (Tex. Crim. App. 1978).

Lopez's first issue on appeal should be overruled.

**Reply Point No. 2.**
**The statutory requirement for proof of ability to pay did not apply because technical violations were not the only ones alleged at the revocation hearing.**

The terms of Article 42.12 did not require the State to prove Lopez's ability to pay. That article provides, in pertinent part, that:

> In a community supervision revocation hearing at which it is alleged *only* that the defendant violated the conditions of community supervision by failing to pay community supervision fees or court costs ... , the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

Tex. Code Crim. Proc. art. 42.12. § 21 (c) (emphasis added).

In the present case, the State not only alleged technical violations set out in Section 21 (c), but also a separate-offense violation. Accordingly, the statutory requirement to prove ability to pay simply did not arise here.

The Court of Criminal Appeals has consistently held that a statute is to be construed in accordance with the plain meaning of its text unless the plain meaning leads to absurd results that the legislature could not have possibly intended. *See Gipson v. State*, 428 S.W.3d 107, 108 (Tex. Crim.

6

App. 2014); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Had the legislature intended to extend the requirement to all technical violations of this nature, it easily could have worded the statute to include all such allegations. Nor is it absurd to make the requirement applicable only when technical violations alone are alleged. The legislature may reasonably have determined that it would be less of a burden to require such additional proof from the State when only technical violations are alleged.

Lopez's second issue on appeal should be overruled.

## Reply Point No. 3
**The trial court did not err in refusing to credit Lopez's present sentence with time spent in prison on a separate offense before his probation was revoked in the present case.**

### I. Statement of Facts.

For the present DWI offense in Cause No. 11-CR-1593-C, on August 11, 2011, Lopez received a ten-year sentence, suspended for ten years, which noted that it was to run "concurrently," though there was no reference to any other sentence to which it was to run concurrently. (CR p. 47)

The next day, on August 12, 2011, in Cause No. 11-CR-1390-C, Lopez was sentenced to five-years in prison for a separate DWI offense, also simply noting that the sentence was to run "concurrently." (Supp. CR p. 27)

When Lopez probation for the present offense was revoked on February 2, 2015, he was sentenced to seven years in prison and given time

7

credit for 429 days, again noting simply that the sentence was to run "concurrently." (CR p. 65)

## II. Time Credits.

The Code of Criminal Procedure generally provides for time credit as follows:

> In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent: (1) in jail *for the case*, ….

Tex. Code Crim. Proc. art. 42.03, § (2)(a) (emphasis added). A person is entitled to such credit only when he is being held "for the case" in which he is seeking credit, as when a detainer or "hold" is lodged against him based on the case for which he is seeking credit. *See Ex parte Bynum*, 772 S.W.2d 113, 114 (Tex. Crim. App. 1989).

## III. Concurrent Sentencing.

Separately, the Code of Criminal Procedure allows for concurrent or consecutive sentences, in pertinent part, as follows:

> (a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; ….

….

> (c) If a defendant has been convicted in two or more cases and the court suspends the imposition of the sentence in one of the cases, the court may not order a sentence of confinement to commence on the completion of a suspended sentence for an offense.

Tex. Code Crim. Proc. art. 42.08.

## IV. Application.

In the present appeal, Lopez appears to suggest that serving time in prison in Cause No. 11-CR-1390-C should count as serving time in prison on the present sentence, and that he should get time credit for that prison time. This argument misunderstands the nature of concurrent sentencing and equates it with credit for time served.

Simply because the sentences are running at the same time does not mean that the prison time the defendant is serving on one sentence counts as prison time on the other. Lopez has pointed to no legal authority to support his argument.

Moreover, under Article 42.03 time credit analysis, Lopez would only be entitled to credit for pre-revocation time spent in prison if he were being "simultaneously confined" both for the separate offense and for the present offense. *See Ex parte Wickware*, 853 S.W.2d 571, 573 (Tex. Crim. App. 1993); *Bynum,* 772 S.W.2d at 114. Nothing in the present record suggests

9

that Lopez was being confined for the present offense when he went to prison on the separate offense.

Nor does the prohibition in Article 42.08 (c) apply in the present case where confinement on the non-suspended sentence began before completion of the present suspended sentence and there was no stacking order.

Lopez's third issue on appeal should be overruled.

## PRAYER

For the foregoing reasons, the State respectfully requests that the judgment of the trial court be affirmed.

<div style="margin-left:40%">

Respectfully submitted,

/s/ *Douglas K. Norman*
_____
Douglas K. Norman
State Bar No. 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0399 (fax)
douglas.norman@nuecesco.com

</div>

**RULE 9.4 (i) CERTIFICATION**

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 2,079.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this brief was e-mailed on September 15, 2015, to Appellant's attorney, Mr. Donald Edwards, mxlplk@swbell.net.

/s/ *Douglas K. Norman*
_____
Douglas K. Norman